UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CHARITY OGUNRO, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1784-B |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

In her Motion for Leave to File Amended Complaint (Doc. 20), Plaintiff Charity Ogunro seeks to add two nondiverse defendants, which would destroy this Court's subject matter jurisdiction. For the following reasons, the Court **DENIES** the Motion.

### I.

### BACKGROUND

Plaintiff originally filed this home insurance dispute in state court on March 5, 2018. Doc. 1, Notice of Removal, ¶ 1.1. She named her insurance company (Defendant) and two insurance adjusters as defendants. *Id.* After Defendant elected legal responsibility for the adjusters, the adjusters were dismissed with prejudice, Defendant removed the case to federal court on July 11, 2018, on the basis of diversity. *See id.*

Following a mediation last month, Defendant amended its answer to highlight certain provisions in the insurance policy that it claims limits Plaintiff's coverage. *See generally*, Doc. 18, Third Am. Answer. Based on this information, Plaintiff now seeks leave to amend her complaint to

add her insurance agents—Bertrand Maxwell, Jr. and his agency II Max, Inc.—who she alleges acted negligently and contrary to both the Texas Deceptive Trade Practices Act and the Texas Insurance Code when they updated her policy to include these referenced provisions. Doc. 20, Pl.'s Mot. to Am., ¶ 5; Doc. 24-2, Pl.'s Proposed Am. Compl., ¶¶ 105–24. Because these agents have Texas citizenship, just like Plaintiff does, the Court will lose jurisdiction over the case if it allows the proposed amendment. *See* Doc. 24-2, Pl.'s Proposed Am. Compl., ¶¶ 2–7. To clarify the parties' positions on the propriety of this amendment, the Court ordered additional briefing, which has since been received.[1] *See* Doc. 22, Order. Thus, the Court now addresses Plaintiff's Motion.

## II.

## LEGAL STANDARD

Subject matter jurisdiction is not something that can be waived. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). And "for a federal court to assert diversity jurisdiction, diversity of citizenship must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *S. Farm Bureau Life Ins. Co. v. Universal Marine & Fabrication, Inc.*, 2003 WL 22174223, at *2 (E.D. La. Sept. 9, 2003) (citing *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

---

[1] The Court requested that the parties clarify several issues. For example, the proposed amended complaint purported to add four non-diverse parties, two of whom were already dismissed in state court (the adjusters). Doc. 20-1, Pl.'s Proposed Am. Compl., ¶¶ 2–7. This conflicted with the briefing on Plaintiff's motion for leave to file, which seemed to request that only the agents be added. Doc. 20, Pl.'s Mot. to Am., ¶ 5. In addition, the Motion in some places listed two plaintiffs—Charity Ogunro (Plaintiff) and her husband Olayinka Ogunro—when thus far only Plaintiff has been named in this case. *E.g., id.* at 1. Plaintiff has since clarified that she is not currently seeking to add her husband, and as such the Court does not address that issue. *See* Doc. 26, Pl.'s Suppl. Briefing, 2.

Here, Plaintiff seeks to add two nondiverse defendants, her insurance agents. In her supplemental briefing, Plaintiff admits that if the new defendants are added, this would require that the entire case be remanded to state court. Doc. 24, Pl.'s Brief, 9. She also argues that the agents could be permissibly joined. Doc. 26, Pl.'s Suppl. Briefing, 3–4. Defendant argues that Plaintiff fails to state a claim against the agents, and thus "improper joinder or in the alternative fraudulent joinder" prohibits the addition of these parties. Doc. 23, Def.'s Reply, 4–5.

As a threshold matter, in this Circuit "there is no substantive difference between the two terms" improper joinder and fraudulent joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (stating a preference for the term "improper joinder" over "fraudulent joinder"). Furthermore, "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (emphasis in original). Thus, "the 'fraudulent joinder' doctrine is inapplicable here." *Id.*

Instead, the proper analysis is governed by 28 U.S.C. § 1447(e) and the factors developed in *Hensgens*, 833 F.2d at 1182 (listing four factors to weigh when a plaintiff seeks to add a claim against a new nondiverse defendant post-removal). The statute provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). Courts apply the factors in *Hensgens* to decide whether to deny joinder of nonindispensable parties, or to permit it and remand the action. *E.g. O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 40–41 (E.D. Tex. 1994) (applying *Hensgens* to the requested joinder of an insurance agent in a dispute between an insured and his insurance company). The factors are: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2)

"whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182.

## III.

## ANALYSIS

In the present case, the *Hensgens* factors counsel against allowing the amended complaint.

*1. The First Factor*

The first factor—the extent to which the purpose of the amendment is to defeat federal jurisdiction—weighs against granting the proposed amendment. "Often, where a plaintiff has a cognizable cause of action against the nondiverse defendant, and there is no other indication that a plaintiff is attempting to defeat federal jurisdiction, courts have found that the primary purpose of amendment was not to defeat federal jurisdiction." *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010).

Here, Plaintiff seeks to bring three claims against the agents: (1) violations of the Texas Deceptive Trade Practices Act (DTPA); (2) negligence; and (3) noncompliance with the Texas Insurance Code. Doc. 24-2, Pl.'s Proposed Am. Compl., ¶¶ 105–24. Under Texas law, an insurance agent can be liable for these claims. *Aspen Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F. Supp. 2d 972, 982 (S.D. Tex. 2007). Here, Plaintiff alleges that when the agents updated her policy, they misrepresented the scope of coverage she would have in the event of the damage like the type at issue now. Doc. 24-2, Pl.'s Proposed Am. Compl., ¶ 16–18; *see Lindsey-Duggan, LLC v. Philadelphia Ins. Cos.*, 2008 WL 5686084, at * 1 (W.D. Tex. Dec. 15, 2008) (allowing similar claims after an improper joinder analysis). Without opining on the ultimate merits of Plaintiff's claims, the Court finds that

her allegations give rise to a cognizable cause of action against the agents.

But this is not dispositive. Several courts have found "that a plaintiff attempted to add a non-diverse defendant primarily to defeat diversity jurisdiction, despite having asserted a valid claim." *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 564 (W.D. Tex. 2012) (citing *Arthur v. Stern*, 2008 WL 2620116, at *4–5 (S.D. Tex. Jun. 26, 2008)). In scrutinizing whether Plaintiff is seeking to defeat federal jurisdiction, courts consider facts such as whether a plaintiff knew of the proposed defendant's role, or mentioned the proposed defendant in the original petition. *O'Connor*, 846 F. Supp. at 41 (viewing "with much suspicion" the fact that "the state court petition refers to [proposed defendant's] . . . role, yet [plaintiff] failed to sue that party in state court"). In at least one case in which homeowners sought to add their nondiverse insurance agent after removal, the court found the first *Hensgens* factor weighed against amendment because "plaintiffs were well aware not only of [the agent's] identity, but also her actions before the state court complaint was filed." *Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (noting that all of the events plaintiffs complained of had occurred prior to the filing of the state court petition).

Here, the Court does not find any mention of the agents in the original state court petition, but Plaintiff does admit that the agents had insured their property "for several decades." *See* Doc. 24, Pl.'s Brief, 6. Thus it is clear Plaintiff knew the identity of the agents before filing. However, Plaintiff alleges that she was "not made aware of the full implications of . . . [the agents'] misrepresentation and breached warranties until after filing [her] claim in 2017." Doc. 24-2, Pl.'s Proposed Am. Compl., ¶ 18. In briefing, she argues that she did not amend until after a mediation in November when "it became clear" that the agents' actions would figure in Defendant's defense, and filed for leave to amend only in response to Defendant's amended answer. Doc. 24, Pl.'s Brief, 2. But if, as

she says, she learned of the misrepresentations through the claim process, then she could have included the agents in her state court petition. Plaintiff does not allege that she learned anything during mediation that she could not have discovered by reviewing her insurance policy.

Considering the above facts, the Court finds that this is one of those situations in which despite having asserted potentially valid claims, it appears that Plaintiff's primary purpose was to defeat federal jurisdiction. Thus, the first factor weighs against amendment.

*2. The Second Factor*

The second factor—whether plaintiff has been dilatory in asking for amendment—also weighs against amendment. "Normally, courts find that a plaintiff is not dilatory in seeking to amend a complaint when no trial or pretrial dates are scheduled and no significant activity beyond the pleading stage has occurred." *Martinez*, 701 F. Supp. 2d at 891. Courts "often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between removal and the amendment." *Tomlinson*, 2006 WL 1331541, at *4 (quoting *Schindler v. Charles Schwab & Co.*, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005)). But sometimes courts consider other time periods if, for example, the appropriateness of adding the nondiverse plaintiff only became apparent after some other event. *See Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, 2012 WL 2499932, at * 9 (S.D. Tex. Jun. 27, 2012) (considering the delay between a party's intervention and the requested amendment).

As described above, Plaintiff alleges that she sought to add the agents only after the November mediation. If this were the relevant benchmark, then Plaintiff waited at most a month to seek leave to add these nondiverse parties, and only one day after Defendant filed its amended answer highlighting the policy limitations that Plaintiff alleges had been added without her full

knowledge. This delay would not be dilatory if in fact Plaintiff learned of new relevant facts in mediation. But the proposed amended complaint and the briefing in support of it are devoid of specifics that would support measuring the relevant period from mediation, instead of when the case was removed in July. *See* Doc. 20, Pl.'s Mot. to Am., ¶ 5; Doc. 24, Pl.'s Brief, 2. Thus, the Court finds that Plaintiff was dilatory in asserting claims against the agents, since she waited approximately four months since removal, and eight months since filing in state court. Therefore the second factor weighs against granting leave to amend.

### 3. The Third Factor

The third factor—whether the plaintiff will be significantly injured if amendment is not allowed—is neutral. Many courts find that when a plaintiff has alternate routes to pursue her claims, she will not be significantly prejudiced if her requested amendment is denied. *Martinez*, 701 F. Supp. at 892. Other courts find this not to be the case, citing the specter of possible inconsistent results from parallel proceedings in state and federal court. *Mia Reed*, 2012 WL 2499932, at *9. In the end, this is a very fact-specific determination. Here, if Plaintiff truly wishes to pursue her claims against the agents, she may do so in state court, as she admits. *See* Doc. 26, Pl.'s Suppl. Briefing, 3. Plaintiff has not given any reason to rebut this presumption. *Id.* Other potential prejudice that Plaintiff cites is the potential need to subpoena the agents. Doc. 20, Pl.'s Mot. to Am., 3. But issuing a subpoena is well within the power of this Court, and not something that would cause significant injury to Plaintiff. Considering all of these facts, the Court finds that the third factor is at best neutral.

### 4. The Fourth Factor

The fourth and last factor—any other factors bearing on the equities—is neutral. Typically, Defendant's interest in the forum is considered. *Hensgens*, 833 F.2d at 1182. Here, until the Court

requested supplemental briefing and highlighted that its subject matter jurisdiction would be destroyed if leave to amend were granted, Defendant was unopposed to the substance of the motion. Doc. 21, Pl.'s Suppl. Filing, 2 (certificate of conference). And in its supplemental briefing, Defendant failed to argue the proper standard of review (*Hensgens*) for Plaintiff's request, despite this Court having provided both parties with relevant case law in its Order for supplemental briefing. Doc. 22, Order, 1–2. This lack of diligence suggests that Defendant is not as vested in this forum as other similarly situated defendants might have been. However, the Court is cognizant that Plaintiff also failed to address the proper standard, and thus treats this factor as neutral.

## IV.

## CONCLUSION

Because the first and second *Hensgens* factors weigh against allowing amendment and the third and fourth factors are neutral, the Court finds that Plaintiff may not join the two nondiverse insurance agents. Thus, the Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint (Doc. 20).

SO ORDERED.

DATED January 4, 2019

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE